### RUDERMAN v. SCHWARTZ.

(Supreme Court, Appellate Term. November 14, 1906.)

WITNESSES—CROSS-EXAMINATION AS TO WRITINGS.

Where a broker, to whom a certain sum had been paid as a commission by the owner for finding a purchaser, sued for a specified sum as extra compensation agreed to be paid him, and plaintiff introduced in evidence the written agreement for the payment of the commission, it was error not to permit him to be cross-examined as to who drew the contract and whether it was read to him before he signed it.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 931–954, 967–975.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Louis Ruderman against Jacob Schwartz. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

S. C. Sugarman, for appellant.

Benjamin D. Levy, for respondent.

DOWLING, J. The complaint alleged that the defendant by an oral agreement promised to pay the plaintiff and one Harry Friend the sum of $500 each, in addition to a commission of $160 each, if they would procure a purchaser for the defendant's premises situate in 174th street, this city, for the sum of $42,500; that they did so procure purchasers for that sum; that the sum of $160 was paid plaintiff as his agreed commission, but that the $500 extra compensation had never been paid. Plaintiff recovered judgment for said sum of $500.

The plaintiff was the only witness sworn in his own behalf, and in his testimony there are many inconsistent and contradictory statements, and it has many marks of inherent improbability. His coworker, Friend, does not appear. The evidence by the defendant was substantially uncontradicted, and was to the effect that the plaintiff and Friend approached the defendant and solicited the privilege of selling his property. He asked $43,000. Within a few minutes thereafter they brought in two persons, named Dresch and Newmark, who offered the defendant $42,500 for his property, which he accepted. The subject of broker's commissions was then brought up, and the defendant agreed that the plaintiff and Friend should have the usual 1 per cent. commission, of which it was agreed by plaintiff and Friend that there should be paid to Dresch and Newmark $200. Subsequently a contract was entered into between the defendant and the purchasers, and, after the contract was signed, the plaintiff and Friend, basing their claim upon the ground that they had agreed that Dresch and Newmark should have $200 of their commissions, asked the defendant for more than the regular 1 per cent. commission. Finally it was agreed that the plaintiff and Friend should each have $160 when the title was closed, and a written agreement to that effect was signed by the parties. This appears in evidence. At this time no claim was made for any $500 extra compensation, nor mention made of such amount. Subsequently the plaintiff and Friend brought an action to recover the amount specified in the agreement, which action was settled by the payment to them of said sum of $320 and $2 costs, for which they gave their receipt in full, which receipt was also offered and received in evidence. The only reason given by plaintiff as to why he did not claim in that suit the sum of $500 additional, claimed now by him, was, as he says: "Because I was not sure of this money. * * * I was trying to get this first." The defendant denied unqualifiedly that he ever agreed to pay the extra $500 claimed by the plaintiff. He is corroborated in many material particulars, and his testimony is consistent and in accord with the reasonable probabilities to be drawn from the facts and circumstances. The agreement

for the payment to the plaintiff of $160 commissions was introduced in evidence by his counsel, and the defendant's counsel was not permitted to cross-examine the plaintiff as to who drew the contract, and whether or not it was read to the plaintiff before he signed it. This was error. A careful examination of the record convinces us that the interests of justice require that there should be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.